_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**JUN 2 9 2010**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, )
)
                    Plaintiff, )
)
          v. )
)
MICHAEL A. NEWMAN, )
)
                    Defendant. )
)

NO. CR 10-5432 BHS

**INFORMATION**

The United States Attorney charges that:

## COUNT 1
### (Conspiracy)

1.      Beginning in or about May 2007, and continuing until in or about September 2009, at Tacoma, within the Western District of Washington, and elsewhere, MICHAEL A. NEWMAN and Dale Frantz, did knowingly and willfully conspire, combine, confederate and agree to commit offenses against the United States, to wit: Wire Fraud, in violation of Title 18, United States Code, Section 1343.

**A.     Background**

2.      At all relevant times, Dale Frantz was employed by Auto Warehousing Company ("AWC"), a company based in the Western District of Washington.  In 2002, AWC promoted Frantz to the position of Chief Information Officer ("CIO").  As the CIO, Frantz was responsible

INFORMATION/NEWMAN

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    for acquiring computer equipment and services for the company. AWC authorized Frantz to

2    acquire such equipment and services at his own expense, and to seek reimbursement from the

3    company. Frantz worked at AWC's headquarters in Tacoma, Washington.

4        3.      MICHAEL A. NEWMAN controlled and operated Asyncritus Technology, LLC, a

5    Florida corporation.

6    **B.    Object of the Conspiracy**

7        4.      The object of the conspiracy was for MICHAEL A. NEWMAN and Dale N.

8    Frantz to devise and execute a scheme and artifice to defraud and to obtain money and property

9    by means of materially-false and fraudulent pretenses, representations, promises, and the

10   concealment of material facts.

11       5.      The essence of the scheme and artifice to defraud was for MICHAEL A.

12   NEWMAN to fraudulently obtain money and property from Auto Warehousing Company

13   ("AWC") through the submission of fake invoices and supporting documentation for

14   reimbursement.

15   **C.    Manner and Means of the Conspiracy**

16       6.      It was part of the conspiracy that Dale Frantz, with the knowledge of MICHAEL

17   A. NEWMAN, submitted to AWC fake invoices and supporting documentation from Asyncritus

18   Technology for services that had not been performed and goods that had not been provided.

19   AWC issued checks to Asyncritus Technology in response to the fraudulent invoices. Frantz

20   mailed these checks to MICHAEL A. NEWMAN who cashed them in accounts that he

21   maintained. On occasion, MICHAEL A. NEWMAN wired a portion of the funds back to Frantz

22   at Frantz's direction.

23       7.      It was further part of the conspiracy that MICHAEL A. NEWMAN and Dale

24   Frantz obtained over $230,000 in fraudulent reimbursements from AWC through the manner and

25   means described above.

26   //

27   //

28

INFORMATION/NEWMAN

**D.      Overt Acts**

8.      On May 19, 2009, Dale Frantz submitted fraudulent paperwork to AWC seeking reimbursement for $30,342.87 for the purchase of a Nagios Network Monitoring Appliance from Asyncritus Technology.  The paperwork that Frantz submitted included an invoice from Asyncritus Technology that he had created.  In fact, Asyncritus Technology had not sold this product to AWC.

9.      On May 19, 2009, AWC issued a check for $30,342.87 in response to the fraudulent paperwork that Frantz had submitted.  Frantz delivered the check to MICHAEL A. NEWMAN who knew that Asyncritus Technology was not entitled to the funds and that the check had been procured by fraud.

10.     On May 20, 2009, MICHAEL A. NEWMAN deposited the check into an account that he controlled.

11.     On May 28, 2009, MICHAEL A. NEWMAN, acting at Dale Frantz's direction, wired half of these funds, $15,171.43, to an account that Frantz controlled.  The bank wire transfer traveled via interstate wire from Florida to Washington.

All in violation of Title 18, United State Code, Section 371.

DATED this ___29th___ day of June, 2010.

JENNY A. DURKAN
United States Attorney

ANDREW C. FRIEDMAN
Assistant United States Attorney

THOMAS M. WOODS
Assistant United States Attorney

INFORMATION/NEWMAN